STEPHEN GREEN *et al.*, Appellants, v. JESSE R. EVANS, Respondent.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

1.  **Trespass:** CONTRACT TO SELL CORN IN FIELD : LICENSED INSTRUCTION.  Where plaintiffs, without writing or payment of earnest money, sold defendant's principal one-half of twenty-two acres of corn in the field (amounting to some ninety odd dollars) or so much thereof as they might have to spare, and afterwards notified such purchaser, that he could not have the corn, and on demand refused to deliver any of it, in an action against defendant for afterward entering the field and taking away two wagon loads of corn, it is error to instruct the jury that defendant had a right to enter and take the corn, notwithstanding plaintiffs may have rescinded the contract, and that defendant had been licensed to do so by plaintiffs.

2.  **License:** REVOCABLE : CONTRACT CONSTRUED.  The contract amounted merely to an agreement for a sale of what they had to spare, of which amount plaintiffs were the judges; and did not carry with it an irrevocable license to enter and remove, and the plaintiffs having rescinded the contract, defendant was a trespasser.

*Appeal from the Howard Circuit Court.*—HON. G. H. BURCKHARTT, Judge

REVERSED AND REMANDED.

*S. C. Major & D. J. Briggs*, for the appellant.

(1) The court erred in giving instructions numbered "one" for respondent. The instruction is misleading, and is not based on the evidence. (2) The trial court erred in giving instruction number "two" for respondent. There was absolutely no evidence of any legal contract for the sale of the corn, there having been no legal contract, there could be nothing to rescind. R. S. 1879, sec. 2514; *Gibbons v. Ogden*, 9 Wheat. 213; 22 How. 240; *Fine v. Hornsby*, 2 Mo. App. 61; *Doering v. Hornsby*, 12 Mo. App. 571. It is no defense that respondent did not intend a trespass, or believe he was authorized by said Al. Evans to take the corn. *Morgan v. Cox*, 22 Mo. 373; *Pearson v. Inlow*, 20 Mo. 322; *Eaton v. Vaughn*, 9 Mo. 473.

No brief for respondent.

ELLISON, J.—This is an action for trespass, originating before a justice of the peace, the charge being that defendant entered plaintiffs' field and hauled away two wagon loads of corn. Defendant justified by offering evidence tending to show that his brother contracted with plaintiffs for one-half of twenty-two acres of corn at $1.50 per barrel. Though no estimate was made at the time, it was shown at the trial, that the yield was six or eight barrels per acre. Plaintiffs' evidence tended to show that he only contracted what corn they might have "to spare."

It was not disputed that there was no money paid, and that there was no writing. It was likewise not disputed that, before defendant committed the alleged trespass, plaintiffs had notified his brother, defendant being the agent, that he could not have the corn, and that defendant's said brother nevertheless sent for the corn twice, each time being refused and his wagon

returning empty. That he sent a third time, when the field was entered and the corn gathered without plaintiffs' knowledge. Defendant was in the field and "bossed the job."

The court instructed the jury that defendant had a right to enter the field and take the corn, notwithstanding plaintiffs may have "rescinded the contract of purchase for the corn," and that he had been licensed to do so by plaintiffs.

It is evident that whatever legal right defendant had to enter into plaintiffs' field must be based on the contract stated in the testimony. That contract, if illegal, and renounced by plaintiffs, could not justify him. That it was renounced is conceded. That it was not valid in law, as understood by defendant's principal, is apparent. He contracted for one-half of twenty-two acres, which the evidence shows was at least sixty-six barrels. The value of which, at the contract price, would be ninety-nine dollars.

There being no earnest money paid, no writing and no part accepted and received, the contract was invalid (R. S. 1879, sec. 2414), and defendant had nothing upon which to rest his entry. It is true, that, notwithstanding the invalidity of the contract, plaintiffs could still live up to its terms and permit defendant to enter their field, but such suggestion will not avail in this case as plaintiffs notified his principal he could not have the corn, thereby revoking the license theretofore given. That a mere parol license unconnected with an interest may be revoked at the pleasure of the licensor is well settled. *House v. Montgomery*, 19 Mo. App. 170.

II. It is equally clear that the contract, as understood by plaintiffs, can afford no justification to defendant. That contract amounted merely to an agreement for a sale. Plaintiffs agreed to sell "what corn they had to spare." It was standing in the field. Nothing was paid and none delivered. It does not appear that

defendant's principal saw it, and the quantity, whether much or none, was to be determined by plaintiff. It was at best an executory contract, no present title passing (Benjamin on Sales, secs. 308–311), and did not carry with it an irrevocable license to the buyer to go upon the seller's land for the purpose of removal of the property. Where there is a sale *in præsenti* of a chattel upon the land of the seller, there will be presumed a license to the buyer to enter and take it, for, otherwise, it would be a fraud upon the buyer. *Wood v. Manley*, 11 Ad. & E. 34. But this is not so when there is in effect a mere agreement for a sale which the seller refuses to carry out. In such case the buyer's remedy is, as it would be for the breach of any other contract. *Giles v. Simmonds*, 15 Gray, 441.

Holding these views, as to this case, it follows that defendant is liable as a trespasser, and that plaintiffs are entitled to recover proper damages.

The judgment will, with the concurrence of all, be reversed, and the cause remanded.